THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DANIEL CHUMBLEY, Defendant-Appellant.

Fourth District    Nos. 16838, 16839 cons.

Opinion filed May 5, 1982.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Hugh Finson, State's Attorney, of Monticello (Diane Roe, Assistant State's Attorney, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:
Following revocation of probation, defendant appeals from concur-

rent sentences imposed upon two convictions of burglary. He contends that the trial court erred: (1) In sentencing defendant the court considered his placement on supervision for burglary as a juvenile and, (2) the trial court denied credit for nonjail time served on probation.

On September 15, 1978, informations were filed charging the defendant with the burglary and theft of two separate businesses. On October 25, 1978, the defendant pleaded guilty to the two charges of burglary, the theft charges were dismissed, and the court thereupon sentenced the defendant to 30 months' probation, with a condition that the first 90 days be served in the Piatt County jail. A year later, on March 14, 1980, a petition for revocation of probation was filed alleging as the basis therefor that the defendant, on four separate occasions, committed deceptive practices in violation of section 17—1(B)(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 17—1(B)(d)) and further violated the conditions of probation by being in possession of alcohol in violation of section 13a of article VI of the Liquor Control Act (Ill. Rev. Stat. 1979, ch. 43, par. 134a). On May 13, 1980, at a hearing on this petition, the defendant admitted to two acts of deceptive practices and to his possession of alcohol, and the court, after hearing testimony in aggravation and mitigation and considering the presentence report on file, extended the term of probation 12 months, sentenced the defendant to 4 months in the county jail, and required the defendant to perform public service work. The presentence report on file indicated that the defendant, as a juvenile, had been charged with burglary and theft and was placed on supervision for 1 year, after which the case was dismissed.

While the defendant was in the county jail serving the 4 months' periodic imprisonment imposed as a condition of the modified order of probation, he was found in possession of less than 2.5 grams of cannabis. On September 17, 1980, a second petition to revoke probation was filed, and at a hearing on this motion the defendant admitted to the allegations of the petition. On December 17, 1980, a sentencing hearing was held and the defendant was given concurrent terms of 3 years' imprisonment with credit for time in jail while on probation, but without credit for time "otherwise served on probation."

At the sentencing hearing held on the second petition for revocation of probation, counsel for the defendant moved that the trial court not consider defendant's placement on supervision as a juvenile in its sentencing determination. The trial judge, however, stated he would consider the juvenile record in that it was a sentencing alternative under the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, pars. 701—1 through 708—4). On appeal, the defendant contends the trial court committed error in considering his juvenile supervision in sentencing.

■■ While neither party has referred us to section 2—9(2) of the Juvenile

Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 702—9(2)), we believe that this section precludes a trial judge from considering any juvenile record in sentencing the defendant, short of a juvenile record containing a finding of delinquency. Section 2—9(2) of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 702—9(2)) provides:

"(2) Notwithstanding the foregoing provisions of this Section, whenever anyone who has been *adjudicated to be a delinquent minor* described in Section 2—2 is convicted of a crime in any court, the court in which the conviction has been entered may, in passing upon an application for probation or in determining the sentence to be imposed, examine the records of disposition or evidence which were made in proceedings under this Act." (Emphasis added.)

Placement of a juvenile on supervision under section 4—7 of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 704—7) is inconsistent with any finding of delinquency since this section provides that placement on supervision shall occur "* * *" before proceeding to findings and adjudication, or after hearing the evidence but before noting in the minutes of proceeding a finding of whether or not the minor is a person described in Section 2—1 [e.g., delinquent]." (*Cf. In re K. S. Y.* (1981), 93 Ill. App. 3d 6, 8, 416 N.E.2d 736, 737-38.) Placement of the defendant under supervision would therefore involve no finding of delinquency and would prevent the trial court from considering records of the juvenile disposition. Moreover, our conclusion that juvenile proceedings which do not result in findings of delinquency should not be considered by any court in sentencing hearings growing out of subsequent criminal convictions is supported by recent decisions of this court. In *People v. Calvert* (1981), 100 Ill. App. 3d 510, 426 N.E.2d 1218, we held that it was error for the trial court in sentencing the defendant for a subsequent criminal conviction to consider the defendant's placement on supervision under section 5—6—3.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1) when the defendant had successfully completed supervision. In so holding we relied upon *People v. Wunnenberg* (1981), 85 Ill. 2d 188, 421 N.E.2d 905, a supreme court case which dealt with a similar issue under a section of the Federal Youth Corrections Act (18 U.S.C. sec. 5005 *et seq.* (1964)), which provided for the setting aside of a conviction of a youth offender prior to the expiration of a period of probation when the offender had demonstrated good behavior during the sentence. In that case, the defendant's youth conviction was set aside by a Federal district court, but in a later sentencing hearing arising from defendant's subsequent conviction of unlawful delivery of a controlled substance, the trial court considered, over defense counsel's objection, the set-aside convic-

tion in sentencing the defendant. The supreme court, based on an examination of the legislative history of the Federal Youth Corrections Act, concluded the set-aside order should not have subsequent repercussions either of a criminal or noncriminal nature, and remanded the case for a new sentencing hearing (85 Ill. 2d 188, 195, 421 N.E.2d 905, 909). *Calvert* and *Wunnenberg* both dealt with similar statutory provisions; in *Wunnenberg* the statute provided that the conviction could be set aside, and in *Calvert*, section 5—6—3.1(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1(f)) provided that completion of a disposition of supervision was to be deemed without adjudication of guilt. While the Juvenile Court Act does not contain a provision for expungement or setting aside of the juvenile disposition, we think defendant's placement on supervision under section 4—7 of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 704—7) likewise should not have subsequent criminal or noncriminal repercussions. Under section 4—7, a juvenile, in the absence of objection, may be placed on supervision without a formal finding of adjudication. This we think is analogous to a mere arrest, the consideration of which, in sentencing, this court has condemned. *People v. Kennedy* (1978), 66 Ill. App. 3d 35, 40, 383 N.E.2d 255, 258-59.

■■ While we believe it was error for the trial judge to have considered the defendant's placement on, and successful completion of, supervision under section 4—7 of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 704—7), we think his consideration of such was harmless error. Defendant had previously committed several violations of the court's original probation order, and the court did not revoke his probation. As a condition of the modified order defendant was sentenced to 4 months' periodic imprisonment, but was unable to complete this term without a violation of the modified order. Defendant also admitted, during the hearing on the second petition to revoke probation, that he had used cannabis daily, and that he had lied to his probation officer on several occasions. Faced with the defendant's abysmal performance while on probation, any consideration of the juvenile supervision would have been merely cumulative. Also, during the hearing on the first petition to revoke probation, the presentence report included a notation of defendant's juvenile supervision, and notwithstanding the probation officer's recommendation of incarceration, the judge extended defendant's sentence of probation. It would appear that the juvenile supervision would have had little effect, after the subsequent violations, in the court's sentencing determination. *People v. Blake* (1973), 15 Ill. App. 3d 39, 44, 303 N.E.2d 419, 421.

■■ Defendant also contends that the trial court abused its discretion in

denying him credit for the time he served while on probation. Section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(h)) provides:

"(h) Resentencing after revocation of probation, conditional discharge or supervision shall be under Article 4. Time served on probation, conditional discharge or supervision shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise."

Under this section the trial court has broad discretion in choosing to grant or refuse credit for time served while on probation. (*People v. Scheib* (1978), 59 Ill. App. 3d 104, 106, 375 N.E.2d 132, 134, *rev'd in part on other grounds* (1979), 76 Ill. 2d 244, 390 N.E.2d 872.) The determination of whether the trial judge abused his discretion in denying credit for time served on probation is similar to a review of whether the judge imposed an excessive sentence. (*People v. Stevens* (1981), 94 Ill. App. 3d 516, 518, 418 N.E.2d 1091, 1093.) The decision rests within the sound discretion of the trial court and will not be disturbed by an appellate court absent an abuse of discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 279-80, 412 N.E.2d 541, 547.) In deciding if the trial judge abused his discretion in the case at bar, two factors are of controlling importance. First, the defendant's conduct during probation, and secondly, the sentence imposed by the trial judge. (See *People v. Stufflebean* (1979), 73 Ill. App. 3d 801, 804, 392 N.E.2d 414, 417; *People v. Willett* (1976), 44 Ill. App. 3d 545, 552, 358 N.E.2d 657, 664.) The defendant, as previously indicated, was before the court on the second probation violation, had admitted to lying to his probation officer, and had admitted to using cannabis on a daily basis during his period of probation. Additionally, the trial judge would have been empowered to sentence the defendant to two consecutive sentences of 3 to 7 years, since the underlying burglary charges did not arise out of a single course of conduct (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(a)), but instead sentenced the defendant to concurrent terms and imposed the minimum sentence. We do not feel that the denial of credit for time served while on probation was an abuse of discretion.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

GREEN, P. J., and LONDRIGAN, J., concur.