THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BERVET R. HORTON, Defendant-Appellant.

Fourth District   No. 4—87—0166

Opinion filed August 27, 1987.

514

Daniel D. Yuhas and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On October 30, 1985, defendant pleaded guilty to the offense of unlawful restraint, a Class 4 felony (Ill. Rev. Stat. 1985, ch. 38, par. 10—3(b)), and was sentenced to a term of 30 months' probation. On March 25, 1986, defendant stipulated to allegations of a petition to revoke his probation, that he appeared late on six dates for weekend imprisonment ordered as a condition of his probation. Defendant's probation was revoked, and he was resentenced on March 7, 1986, to a term of two years' probation and ordered to participate in the intensive probation supervision program (IPS), felony unit, until the trial court ordered otherwise. In December 1986, a petition to revoke defendant's probation was filed alleging defendant had violated the terms of his probation. After hearing on December 19, 1986, the court found the State had proved the alleged violations by a preponderance of the evidence and revoked defendant's probation. After hearing on January 15, 1987, with the benefit of a presentence investigation report and arguments of counsel, the trial court sentenced defendant to three years' imprisonment. The trial court ordered defendant be credited with 136 days, the period of periodic imprisonment custody previously ordered. The court further made the specific finding that defendant was not entitled to be credited against sentence with any time spent on probation. Defendant appeals, arguing the trial court abused its discretion in denying him sentence credit for time served on probation. We affirm.

■■■ Under section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(h)), when a defendant is resentenced after revocation of probation, the time served on probation shall be credited against a sentence of imprisonment unless the court orders otherwise. As this court stated in *People v. Chumbley* (1982), 106 Ill. App. 3d 72, 76, 435 N.E.2d 811, 814, under this section the trial court has broad discretion in choosing to grant or refuse credit for time served on probation. The determination of whether the trial judge abused his discretion in denying credit for time served on probation is similar to a review of whether the judge imposed an excessive sentence. The decision rests within the sound discretion of the trial court and will not be disturbed by a reviewing court absent an abuse of discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 279-80, 412 N.E.2d 541, 547.) In deciding whether the trial judge abused his dis-

cretion, *Chumbley* stated two factors of controlling importance: (1) the defendant's conduct during probation; and (2) the sentence imposed by the trial judge. *People v. Chumbley* (1982), 106 Ill. App. 3d 72, 76, 435 N.E.2d 811, 814, citing *People v. Stufflebean* (1979), 73 Ill. App. 3d 801, 804, 392 N.E.2d 414, 417; *People v. Willett* (1976), 44 Ill. App. 3d 545, 552, 358 N.E.2d 657, 664.

■ When a defendant is admitted to probation and probation is subsequently revoked, the court may sentence the defendant to any sentence which would have been appropriate for the original offense. (*People v. Reznick* (1986), 141 Ill. App. 3d 593, 596, 491 N.E.2d 444, 446.) The statutory sentencing range for the original offense here, unlawful restraint, permits for a sentence of imprisonment of not less than one year and not more than three years. (Ill. Rev. Stat. 1985, ch. 38, pars. 10—3(b), 1005—8—1(a)(7).) Defendant was, therefore, sentenced to the maximum term of imprisonment for the original offense.

■ ■ In sentencing a defendant on revocation of probation, it is proper for the trial court to consider defendant's conduct on probation in assessing his history, character, and rehabilitative potential. (*People v. Young* (1985), 138 Ill. App. 3d 130, 142, 485 N.E.2d 443, 450 (and cases cited therein).) It follows that if a defendant's conduct on probation reflects poorly on his rehabilitative potential, the trial court may impose a more severe sentence than the one which the court may have initially imposed. (*People v. Reznick* (1986), 141 Ill. App. 3d 593, 597-98, 491 N.E.2d 444, 446-47.) These same principles which generally apply to determination of the appropriate sentence are encompassed by the factors referred to in *Chumbley* and may likewise affect the trial court's determination in the exercise of its discretion on whether to deny defendant credit for time served on probation.

In November 1986, defendant was notified in writing by the IPS program of the following additional condition of probation:

> "On 11/10/86, Charlesetta Smith contacted our office and advised that on the morning of 11/10/86, you contacted her at her office and made threatening statements toward her. To eliminate this problem in the future, you are hereby informed that as of 11/10/86, you must not have any contact, directly or indirectly with her. This includes phone contacts. Should Ms. Smith inform us that you have contacted her, it will be considered a direct violation of probation."

A second petition to revoke probation was filed on December 5, 1986, alleging defendant had unlawfully restrained Charlesetta Smith in a car.

At hearing on the December 1986 petition, Robert Schwieter, supervisor of the IPS unit, testified the above-quoted condition of defendant's IPS probation, People's exhibit No. 1, was established in writing and defendant was given a copy, which defendant signed at 4:20 p.m. on November 10, 1986.

Smith testified she saw defendant in a parking lot at 1 p.m. on December 2, 1986, and defendant pulled her by her coat to his car. Smith said she agreed to get in and speak to defendant if he would let go of her coat. After she entered the car, defendant drove away, ignoring her request to be let out of the car. While the car was moving, Smith saw a police officer, opened the door of the car and screamed, and exited the car while it was still moving. Smith testified she had lived with defendant for several months in 1986. Prior to December 2, 1986, she requested the Champaign County probation office to have defendant stay away from her because he kept calling her at work and appearing at her place of employment.

Wilbur Bales, a university police officer, testified that on December 2, 1986, shortly after 1 p.m., he heard somebody yelling, turned around, and observed Smith, with a car door partially opened, yelling to him for help. The car was slowly moving, and Smith continued to open the door and put her foot out. He said by the time he got to Smith her foot was dragging, her leg was out of the car, and she was hanging on to the car door. Bales said Smith appeared to be very upset when he saw her. Bales testified the car stopped after Smith exited it, and it looked as if her coat was being held in, and otherwise she would have been completely on the ground. After Smith got out of the car, the car drove off.

On this evidence, the trial court found the State had proved the allegations of the December 1986 petition to revoke probation.

The record which was before the trial judge when the sentence appealed from was imposed showed defendant was convicted of burglary in 1978 and served a term of imprisonment. The original offense, for which defendant is here sentenced, was unlawful restraint. Defendant entered a guilty plea to that charge and the factual basis underlying the guilty plea was that on July 9, 1985, defendant entered the residence of a female acquaintance with a BB gun and pointed the BB gun at the victim and her son, and prohibited the victim from leaving the house and contacting the police department. Defendant was sentenced to probation. He violated probation by appearing late on six occasions at the county jail for weekend periodic imprisonment ordered as a term of his probation. His probation was revoked and he was resentenced to two years' probation under the

IPS program in May 1986.

While on IPS, defendant violated a condition of probation by the unlawful restraint of Smith.

■ On appeal, defendant urges that his conduct while on probation, although not exemplary, did not justify denial of credit for the time served on probation.

Defendant argues the conduct underlying the first revocation of his probation, his failure to make timely appearances for weekend periodic imprisonment, does not justify the decision to deny him credit for time served on probation, citing as similar *People v. Willett* (1976), 44 Ill. App. 3d 545, 552, 358 N.E.2d 657, 664. We find *Willett* distinguishable. The defendant in that case was convicted of two counts of burglary and was sentenced to two years' probation. His probation was revoked for his failure to serve time in the county jail as specified in the probation order. He was sentenced to a term of two to six years' imprisonment; and the trial judge specifically ordered that defendant was not to receive credit for the time he served on probation, but stated no reasons for denying credit. The *Willett* court found nothing in the record supported the denial and held the denial of credit constituted an abuse of discretion on the facts of the case. In *Willett*, the defendant was 18 years old at the time sentence was imposed and had no prior record of any significance, and the offenses for which he was convicted did not seem to have involved any aggravating circumstances. By contrast, in the instant case defendant had a prior criminal record and was serving under IPS at the time of revocation. Nothing in the record suggests the denial of credit for time served here was based on the conduct which was the basis of the earlier revocation of probation.

Defendant contends the evidence showed he did not intend to injure Smith, and in fact attempted to prevent her from injuring herself during her precipitous exit from the car. On review of the trial judge's remarks at the hearing on the petition to revoke, it is clear the trial judge rejected this view of the evidence. Defendant also maintains his conduct during this incident was mitigated by an emotional disturbance affecting his behavior toward women, pointing to a psychiatric report prepared for the sentencing hearing. The report indicated that at the time of the two unlawful restraint incidents defendant seemed to react out of frustration and anger related to conflict between himself and each victim, and further stated defendant reported using alcohol on both occasions, which may have contributed to his behavior. On appeal, defendant argues his behavior in restraining Smith was not entirely the product of his free will and cannot

serve to justify denial of credit for time served on probation.

This argument is without merit. This court rejected a similar argument in *People v. Cozad* (1987), 158 Ill. App. 3d 664, wherein the defendant appealed from the judgment entered following the revocation of his probation (IPS). The defendant in *Cozad* asserted denial of sentence credit for time spent on probation was an abuse of discretion since he had an alcohol problem, was unable to afford an alcohol evaluation, and had committed no crimes while on probation. This court rejected the defendant's argument where (1) the presentence report stated he violated curfew on six different occasions; (2) failed to report to his probation officer on one date; (3) was late for a meeting with his probation officer on another day and was intoxicated when he arrived; (4) the defendant's intoxication was characterized as "almost daily"; (5) he maintained employment for only a brief period; and (6) he failed to report for public work service at any time during the period of probation when he was not otherwise employed.

Referring to the second factor stated in *Chumbley*, the sentence imposed by the trial judge, defendant also argues the denial of credit for time served on probation constituted an abuse of discretion since he served 14½ months' probation and has now been sentenced to the maximum term of imprisonment available for the offense, three years. He contends his liberty "will be curtailed for approximately 50 months, not including his term of mandatory supervised release." The constraints on liberty imposed under either probation or IPS cannot be equated to the constraints of imprisonment. *Chumbley* cannot be read to require credit for time served on probation in circumstances such as those presented in the instant case.

On the record before us, we find no abuse of discretion in the trial court's denial of credit for time defendant served on probation. Accordingly, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

SPITZ, P.J., and McCULLOUGH, J., concur.