THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT GROMM, Defendant-Appellant.

Third District   No. 3—87—0238

Opinion filed December 30, 1987.

Spencer Lee Daniels, of Peoria, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Robert Gromm, pleaded guilty to the offense of unlawful restraint. (Ill. Rev. Stat. 1985, ch. 38, par. 10—3.) For a factual basis the State established that on September 15, 1986, the defendant grabbed his wife, threw her to the ground and hit her about the face and body, thereby restraining her freedom of movement. The State further established that as the wife attempted to leave in her automobile, the defendant fired six shots from his .44 caliber revolver into the automobile. The shots did not hit the wife, but again restricted her freedom of movement. The court sentenced the defendant to 18 months' imprisonment. The defendant appeals. We affirm.

■■ On appeal, the defendant's first issue is whether the sentencing court improperly considered his juvenile record. Relying on *People v. Chumbley* (1982), 106 Ill. App. 3d 72, 435 N.E.2d 811, the defendant claims that the court could not consider his juvenile record because he was never adjudicated a delinquent.

When the Fourth District rendered its decision in *Chumbley*, section 2—9(2) of the Juvenile Court Act (the Act) provided as follows:

> "(2) Notwithstanding the foregoing provisions of this Section, whenever anyone who has been adjudicated to be a delinquent minor described in Section 2—2 is convicted of a crime in any court, the court in which the conviction has been entered may, in passing upon an application for probation or in determining the sentence to be imposed, examine the records of disposition or evidence which were made in proceedings under this Act." (Ill. Rev. Stat. 1979, ch. 37, par. 702—9(2).)

Pursuant to section 2—9(2) of the Act, the *Chumbley* court found that the sentencing court erred in considering the defendant's juvenile record where he had not been adjudicated a delinquent for his criminal actions, but had merely been placed on supervision.

Subsequent to *Chumbley*, the legislature amended the Act. (Pub. Act 82—973, eff. Sept. 8, 1982.) Pursuant to Public Act No. 82—973, the admissibility of juvenile records, formerly governed by section 2—9, is now controlled in pertinent part by section 2—10(1)(b), which provides as follows:

"Sec. 2—10. Admissibility of Evidence and Adjudications in Other Proceedings. (1) Evidence and adjudications in proceedings under this Act shall be admissible:

***

(b) in criminal proceedings when the court is to determine the amount of bail, fitness of the defendant or in sentencing under the Unified Code of Corrections ***." (Ill. Rev. Stat. 1985, ch. 37, par. 702—10(1)(b).)

The plain and ordinary meaning of the language of section 2—10(1)(b) clearly shows the legislature's intent to allow a court sentencing a defendant under the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1001—1—1 *et seq.*), to consider any prior juvenile adjudication, not only a finding of delinquency.

■■ In the case before us, the presentence investigation report revealed that as a juvenile, the defendant had been both placed on supervision for possession of cannabis and adjudicated a minor in need of supervision as the result of a battery charge. Under section 2—10(1)(b) of the Act, the sentencing court did not err in considering the defendant's juvenile record.

■■ The final issue is whether the trial court gave improper consideration to aggravating and mitigating factors in imposing sentence. The defendant first argues that the court erred in stating that the defendant was fortunate both that he did not receive a more serious charge for his instant conduct and that he received only a misdemeanor conviction for a prior offense. We have reviewed the judge's statements and find that he was merely reciting what had actually occurred, and was not engaging in speculation as to the defendant's guilt. See *People v. Michels* (1979), 72 Ill. App. 3d 182, 390 N.E.2d 927.

■■ ■ The defendant next argues both that the trial court improperly failed to find or even consider evidence in mitigation and that the court improperly considered in aggravation that his conduct threatened serious bodily harm. Mitigating evidence was presented to the court and there is no arguable indication, other than the sentence imposed, that the trial judge did not consider the evidence. Therefore, we presume that the court considered the evidence in mitigation. (*People v. Abrego* (1986), 142 Ill. App. 3d 973, 492 N.E.2d 636.) Further, we find no error in the trial court's considering that the defendant's conduct threatened serious bodily harm given that he fired six rounds from a .44 caliber gun into a car containing his wife.

■■ We will not reverse a trial court's sentence absent an abuse

of discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) Here, we find that the trial court did not abuse its discretion in imposing a sentence six months above the statutory minimum.

Accordingly, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.