THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALFREDO AGUSTO PRESIDA, Defendant-Appellant.

Fourth District No. 4—88—0217

Opinion filed December 15, 1988.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle,

Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Defendant Alfredo Agusto Presida was charged by indictment in the circuit court of Champaign County with the offense of residential burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—3). Following a jury trial, defendant was convicted of the charged offense and was thereafter sentenced to a term of 10 years' incarceration in the Illinois Department of Corrections. Defendant now appeals from the sentence imposed.

For the reasons stated below, we affirm.

Defendant's sole contention on appeal is that the trial court improperly considered his juvenile record in sentencing. Relying upon our decision in *People v. Chumbley* (1982), 106 Ill. App. 3d 72, 435 N.E.2d 811, defendant argues that the sentencing court could not consider his juvenile record because he was never adjudicated a delinquent. The record reveals that the defendant, as a juvenile, had been placed on 12 months' supervision, but no finding of delinquency was entered.

Defendant's assertion is incorrect. Section 2—9(2) of the Juvenile Court Act (Act), in effect at the time of our decision in *Chumbley*, provided as follows:

"(2) Notwithstanding the foregoing provisions of this Section, whenever anyone who has been adjudicated to be a delinquent minor described in Section 2—2 is convicted of a crime in any court, the court in which the conviction has been entered may, in passing upon an application for probation or in determining the sentence to be imposed, examine the records of disposition or evidence which were made in proceedings under this Act." (Ill. Rev. Stat. 1979, ch. 37, par. 702—9(2).)

Applying section 2—9(2) of the Act (Ill. Rev. Stat. 1979, ch. 37, par. 702—9(2)) in *Chumbley*, we held that juvenile proceedings which do not result in findings of delinquency should not be considered by any court in sentencing hearings arising out of subsequent criminal convictions. (*Chumbley*, 106 Ill. App. 3d 72, 435 N.E.2d 811.) Accordingly, we concluded that the sentencing court in *Chumbley* erred in considering the defendant's juvenile record where he had not been adjudicated a delinquent, but had merely been placed on supervision.

██ ██ Both parties involved in the instant appeal have overlooked the fact that the legislature amended the Act, subsequent to our decision in *Chumbley*. Pursuant to Public Acts 82—973 and 85—601 (1982

Ill. Laws 2414, 2419-21; 1987 Ill. Laws 2578, 2586), the admissibility of juvenile records, formerly governed by section 2—9, is now controlled by section 1—10(1)(b) of the Juvenile Court Act of 1987, which provides in pertinent part:

"(1) Evidence and adjudications in proceedings under this Act shall be admissible:

\*\*\*

(b) in criminal proceedings when the court is to determine the amount of bail, fitness of the defendant or in sentencing under the Unified Code of Corrections." Ill. Rev. Stat. 1987, ch. 37, par. 801—10(1)(b).

Recently, the court in *People v. Gromm* (1987), 164 Ill. App. 3d 236, 517 N.E.2d 721, interpreted this provision in relation to an issue identical to the one before us in the instant appeal. In *Gromm*, the defendant, as a juvenile, had been placed on supervision for possession of cannabis and had been adjudicated a minor in need of supervision as the result of a battery charge. Citing to *Chumbley*, the defendant claimed that the sentencing court erred in considering his juvenile record because he was never adjudicated a delinquent. The court rejected this contention for the reasons stated above, and concluded that under the amended provisions of the Act, the sentencing court could properly consider the defendant's juvenile record. In reaching its conclusion, the *Gromm* court stated:

"The plain and ordinary meaning of the language of section 2—10(1)(b) [now Ill. Rev. Stat. 1987, ch. 37, par. 801—10(1)(b)] clearly shows the legislature's intent to allow a court sentencing a defendant under the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1001—1—1 *et seq.*), to consider any prior juvenile adjudication, not only a finding of delinquency." (*Gromm*, 164 Ill. App. 3d at 239, 517 N.E.2d at 723.)

We agree with this interpretation and therefore conclude that the sentencing court in this case did not err in considering the defendant's juvenile record. A reading of section 1—8 together with section 1—10 (Ill. Rev. Stat. 1987, ch. 37, pars. 801—8, 801—10) supports our conclusion. Section 1—8 of the Juvenile Court Act of 1987 provides that judges, prosecutors, and probation officers may inspect and copy a minor's juvenile records "[w]hen a minor becomes 17 years of age or older, and is the subject of criminal proceedings, including a hearing to determine the amount of bail, a pre-trial investigation, a pre-sentence investigation, a fitness hearing, or proceedings on an application for probation." Ill. Rev. Stat. 1987, ch. 37, par. 801—8(d).

Accordingly, the judgment of the circuit court of Champaign

County is affirmed. Defendant's motion to supplement the record on appeal, which was taken with the case, is allowed.

Affirmed.

LUND and KNECHT, JJ., concur.