THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH SCHWARTZ III, Defendant-Appellant.

Fourth District   No. 4—88—0459

Opinion filed April 28, 1989.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

The defendant, Kenneth Schwartz III, appeals from an order revoking his probation and resentencing him to the maximum term of imprisonment with 98 days' credit for time served in jail on the offenses, but without expressly indicating whether the defendant was also entitled to credit for time otherwise served while on probation.

On March 28, 1986, the defendant was charged by information in Vermilion County with aggravated battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(6)), criminal damage to property (over $300) (Ill. Rev. Stat. 1987, ch. 38, par. 21—1(a)), and driving while under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)). Pursuant to a plea agreement, the State dismissed the first charge and the defendant pleaded guilty to the remaining charges. On March 23, 1987, the circuit court sentenced the defendant to a 30-month term of probation on the second charge and to a concurrent 12-month term of probation on the third charge. As a condition of probation, the circuit court ordered the defendant to serve alternate weekends in the county jail on an 18-month term of periodic imprisonment. On March 10, 1988, due in part to the alleged failure of the defendant to fulfill the condition of periodic imprisonment, the State filed a petition to revoke the probation of the defendant. On May 4, 1988, the circuit court found the State had proved its petition by a preponderance of the evidence and revoked the probation of the defendant. On June 22, 1988, the circuit

court resentenced the defendant to a three-year term of imprisonment for criminal damage to property and to a concurrent 364-day term of imprisonment for DUI, with credit as stated above.

The sole issue presented for review is whether the defendant may elect the applicable sentencing statute on revocation of probation where the statute is amended during the pendency of the action.

Probation revocation proceedings are governed by section 5—6—4(h) of the Unified Code of Corrections. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(h).) As amended on January 1, 1988, section 5—6—4(h) now provides:

> "(h) Resentencing after revocation of probation, conditional discharge or supervision shall be under Article 4. Time served on probation, conditional discharge or supervision shall *not* be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(h).

In *People v. Kauffman* (1988), 172 Ill. App. 3d 1040, 1043, 527 N.E.2d 645, 647, this court explained the effect of the amendment on probation revocation proceedings:

> "This statute affects sentencing procedures and is effective for all sentences imposed after December 31, 1987, regardless of the date of conviction. It is procedural and not substantive in nature. The trial court's failure to comment about defendant's probation means defendant will not receive credit for that time."

In the instant action, the circuit court did not expressly indicate whether the defendant is entitled to credit for time served while on probation. Under the former sentencing statute, in effect at the time of the underlying offenses, the silence of the circuit court was taken to mean an automatic award of such credit to the defendant. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(h).) Under the amended sentencing statute, in effect at the time the defendant was resentenced on revocation of probation, however, the silence of the circuit court is taken to mean an automatic denial of such credit to the defendant. Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(h).

The defendant contends he should have been allowed to *elect* the applicable sentencing statute on revocation of probation as the statute was amended during the pendency of the action. He requests this court reconsider *Kauffman* in light of cases permitting the defendant to make such an election. We find his contention is without merit.

"[E]lection is crucial in avoiding the prohibition against *ex post facto* laws because it allows the defendant to [subjectively] determine

which option [is] most favorable to him." (*People v. Finley* (1980), 82 Ill. App. 3d 307, 310, 402 N.E.2d 769, 772.) Under Illinois law, a criminal defendant may elect the applicable sentencing statute only when a substantive amendment is enacted during the pendency of the action. (See *People v. Hollins* (1972), 51 Ill. 2d 68, 280 N.E.2d 710; *People v. Andrews* (1981), 95 Ill. App. 3d 595, 420 N.E.2d 509.) Absent such an amendment, however, the defendant may not elect the applicable sentencing statute.

■ The decision whether to award the defendant credit for time served while on probation is a matter of discretion for the circuit court. (*People v. Chumbley* (1982), 106 Ill. App. 3d 72, 76, 435 N.E.2d 811, 814.) This discretion is not affected by the amended sentencing statute. Rather, the amended sentencing statute only directs the effect to be accorded where the circuit court does not expressly indicate its credit decision. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(h).) Accordingly, the amended sentencing statute is without *ex post facto* implications, and the defendant is not entitled to election.

■ In a probation revocation proceeding, the circuit court may resentence defendant to any sentence appropriate for the original offense. (*People v. Horton* (1987), 160 Ill. App. 3d 513, 516, 513 N.E.2d 502, 503.) Criminal damage to property (over $300) is a Class 4 felony. (Ill. Rev. Stat. 1987, ch. 38, par. 21—1.) A sentence of imprisonment for a Class 4 felony shall be not less than one year nor more than three years. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(7).) DUI is a Class A misdemeanor. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(c).) A sentence of imprisonment for a Class A misdemeanor shall be for any period of less than one year. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—3(a)(1).) The sentence imposed is within the statutory limits.

■ Absent an abuse of discretion, the credit decision of the circuit court will not be altered on review. (*Chumbley*, 106 Ill. App. 3d at 76, 435 N.E.2d at 814.) In the instant action, the record reveals the defendant has an extensive history of criminal conduct. The record also reveals the defendant has repeatedly failed to comply with the conditions of probation. Given the recurrent nature of criminal conduct and probation noncompliance, the circuit court did not abuse its discretion in resentencing the defendant to the maximum term of imprisonment without credit for time served while on probation.

The judgment of the circuit court is affirmed.

Affirmed.

SPITZ and GREEN, JJ., concur.