**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180652-U

Order filed December 22, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, Henderson County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0652 Circuit No. 16-CF-29 |
| | ) | |
| TIMBER S. ISBELL, | ) ) | Honorable David L. Vancil Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices McDade and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The court erred in failing to consider whether to award defendant credit for time served on probation due to its erroneous belief it had no discretion to do so.

¶ 2    Defendant, Timber S. Isbell, appeals his sentence. Defendant contends the Henderson County circuit court abused its discretion in sentencing him by failing to consider whether to award credit for the time he spent on probation due to the erroneous belief it had no such discretion. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant pled guilty to unlawful possession of methamphetamine (720 ILCS 646/60(a) (West 2016)) and was sentenced to 2 years of probation and 78 days in jail with credit for 39 days served. Ultimately, defendant's probation was revoked and the court held a full sentencing hearing.

¶ 5        The court sentenced defendant to 5 years' imprisonment with credit for 68 days served. Defendant filed a motion to reconsider sentence arguing, as relevant here, for credit for the time he spent on probation. At the hearing on the motion, the court stated "there is no provision in Illinois to receive credit for time spent on probation." The court then denied the motion and defendant appeals.

¶ 6                                    II. ANALYSIS

¶ 7        Defendant argues that this matter should be remanded for the circuit court to consider whether to award him credit for the time he spent on probation because the court failed to consider such an award due to the mistaken belief it had no discretion to do so. We agree.

¶ 8        A determination of whether to award credit for time spent on probation is within the discretion of the circuit court. *People v. Sweeney*, 2012 IL App (3d) 100781, ¶ 17. However, it "is error [for] a trial court [to] refuse[ ] to exercise discretion in the erroneous belief that it has no discretion as to the question presented." *People v. Queen*, 56 Ill. 2d 560, 565 (1974).

¶ 9        Here, defendant requested that the court award him credit for the time he spent on probation and the court had the discretion to do so. See 730 ILCS 5/5-6-4(h) (West 2018); *Sweeney*, 2012 IL App (3d) 100781 ¶ 17. The court denied the request, erroneously stating there was no provision to award such credit. As such, the court erred by refusing to exercise its discretion due to the erroneous belief that it had none. See *Queen*, 56 Ill. 2d at 565. Therefore, we remand the matter

for the circuit court to consider whether to exercise its discretion to award defendant credit for the time he spent on probation.

¶ 10                                    III. CONCLUSION

¶ 11         The judgment of the circuit court of Henderson County is reversed and remanded for further proceedings.

¶ 12         Reversed and remanded.