THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY KILPATRICK, Defendant-Appellant.

Third District    No. 3—96—0991

Opinion filed December 16, 1997.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

Paul Mangieri, State's Attorney, of Galesburg (John X. Breslin and Do-

menica Osterberger, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Defendant Gary Kilpatrick pled guilty to attempted first degree murder and aggravated battery and was sentenced to concurrent 15- and 5-year prison terms. Defendant contends on appeal that the trial court erred when it failed to conduct a fitness hearing despite evidence that he was taking psychotropic drugs at the time of his plea and sentencing.

## FACTS

On September 19, 1995, defendant entered the restroom of a pool-hall in Abingdon, Illinois, and stabbed Jeffery Irwin in the back with a knife. Defendant cut Greg Schisler with the knife when Schisler tried to break up the altercation. Defendant also committed aggravated battery against the police officer who came to the scene. He was charged with attempted first degree murder, unlawful possession of a weapon by a felon and two counts of aggravated battery. On January 4, 1996, in exchange for defendant's plea of guilty to attempted murder and the count of aggravated battery against Greg Schisler, the State dismissed the remaining charges of unlawful possession of a weapon and aggravated battery against the police officer. On February 8, 1996, the court imposed concurrent prison terms of 15 years for attempted murder and 5 years for aggravated battery.

## ANALYSIS

The issues presented for review are whether: (1) defendant was entitled to a fitness hearing based on his ingestion of psychotropic drugs at the time of his plea and sentencing and (2) the court's failure to conduct the hearing requires a new trial.

During the pendency of defendant's appeal, this court decided *People v. Jamerson,* 292 Ill. App. 3d 944 (1997), which involved similar facts and identical issues on appeal. In *Jamerson,* we determined that the original psychotropic drug statute applied and that defendant was entitled to a fitness hearing. The original statute provided as follows:

"A defendant who is receiving psychotropic drugs or other medications under medical direction is entitled to a hearing on the issue of his fitness while under medication." 725 ILCS 5/104—21(a) (West 1994).

The first amendment to this statute was found unconstitutional in *Johnson v. Edgar,* 176 Ill. 2d 499, 680 N.E.2d 1372 (1997), and will not be cited or discussed here. The second amendment to the statute took effect on December 31, 1996, and provides as follows:

"A defendant who is receiving psychotropic drugs shall not be presumed to be unfit to stand trial solely by virtue of the receipt of those drugs or medications." 725 ILCS 5/104—21(a) (West 1996). In light of the importance the legislature placed upon the right of an accused taking psychotropic medication to receive a fitness hearing under the original statute, and in accordance with binding precedent, we rejected in *Jamerson*, as we do here, the State's arguments that the second amendment to the statute was procedural. In this case, we reaffirm our ruling that the second amended statute effectuates a substantive change in the law and deprives defendant of the accrued right to a fitness hearing. Consequently, we decline to retroactively apply the second amended statute in this case.

Our holding is consistent with *People v. Birdsall*, 172 Ill. 2d 464, 670 N.E.2d 700 (1996), decided on the same day as *People v. Nitz*, 173 Ill. 2d 151, 670 N.E.2d 672 (1996), where the supreme court stated in a footnote: "The amendment [to the psychotropic drug statute] does not apply to the instant case and we therefore express no opinion regarding its effect on future cases *after the effective date of the act.*" (Emphasis added.) *Birdsall*, 172 Ill. 2d at 475 n.1, 670 N.E.2d at 706 n.1. The court clearly did not contemplate retroactive application of the amended statute. This position was affirmed in *People v. Burgess*, 176 Ill. 2d 289, 680 N.E.2d 357 (1997), where the court again declined to consider retroactive application of the newly amended version of the psychotropic drug statute and cited *Birdsall*. *Burgess*, 176 Ill. 2d 289, 680 N.E.2d 357. We find that the supreme court has clearly expressed itself regarding retrospective application of the amended psychotropic drug statute and we are bound by this precedent.

While we recognize that other appellate districts have allowed the retroactive application of the second amended statute, we decline to do so. We are not persuaded by either of the two cases added as additional authority by the State because they are in contradiction to binding supreme court authority. See *People v. Perry*, 292 Ill. App. 3d 705 (1997); *People v. Gibson*, 292 Ill. App. 3d 842 (1997).

The *Perry* court found *Birdsall* and *Nitz* difficult to reconcile. On the contrary, we find that the holding in *Nitz* is consistent with the fundamental underpinnings of other supreme court cases holding that a psychotropically medicated defendant is entitled to a fitness hearing. See *People v. Brandon*, 162 Ill. 2d 450, 643 N.E.2d 712 (1994); *People v. Gevas*, 166 Ill. 2d 461, 655 N.E.2d 894 (1995); *People v. Kinkead*, 168 Ill. 2d 394, 660 N.E.2d 852 (1995); *Birdsall*, 172 Ill. 2d 464, 670 N.E.2d 700. The *Perry* court disregarded the binding authority of the *Brandon* line of cases and chose instead to base its holding on the *dicta* in *Nitz*, finding it to be "instructive and persuasive."

*Perry,* 292 Ill. App. 3d at 717. Applying the second amended statute, the *Perry* court found that defendant's receipt of psychotropic medication was insufficient to overcome the presumption that he was fit to stand trial.

In *Gibson,* the court also found the second amended statute to be procedural in nature and amenable to retrospective application based on its interpretation of *Nitz.* However, a closer look at the court's remedy reveals an internal inconsistency. In contradiction to the second amended statute, which states that a defendant shall not be presumed unfit solely by virtue of the receipt of psychotropic medication, the *Gibson* court drew the conclusion that defendant's use of psychotropic medication cast doubt on his fitness and remanded for a hearing.

We find persuasive another recent case addressing defendant's right to a fitness hearing under the psychotropic drug statute. In *People v. Straub,* 292 Ill. App. 3d 193, 685 N.E.2d 429 (1997), the court rejected the State's argument that the amended statute was procedural and should be applied retrospectively. The court found that the language in *Nitz* appeared to be "only a recognition of the applicable rules concerning the retroactive operation of procedural amendments while noting (1) the issue had not been raised and (2) even if it had been raised, it had no application to that case." *Straub,* 292 Ill. App. 3d at 199, 685 N.E.2d at 433. Also, in light of the court's refusal in *Birdsall* to apply the amendment to a direct appeal, the *Straub* court rejected the State's argument that had *Nitz* not been a collateral postconviction proceeding, the supreme court would have applied the amendment.

We reaffirm our decision in *Jamerson* and hold that defendant in this case is entitled to a fitness hearing pursuant to the original psychotropic drug statute. Defendant pled guilty on January 4, 1996, and was sentenced on February 8, 1996. We find that his right to a fitness hearing accrued on these dates. The critical stage at which a defendant is entitled to a fitness hearing is at the time of trial and sentencing (*People v. Johns,* 285 Ill. App. 3d 849, 674 N.E.2d 882 (1996)) or at the time of the guilty plea (*People v. McKay,* 282 Ill. App. 3d 108, 668 N.E.2d 580 (1996)). Consistent with our holding in *Jamerson,* we find that once a defendant's right to a fitness hearing has accrued, a subsequent amendment that impairs this vested right cannot be applied retroactively.

Having determined that the original statute applies to the instant case, we now determine if defendant's conviction should be automatically reversed or if this case should be remanded for a limited fitness hearing.

Citing *People v. Burgess*, 176 Ill. 2d 289, 680 N.E.2d 357 (1997), the State argues that any error in failing to hold a fitness hearing was harmless because defendant was evaluated by a psychologist and found fit prior to his plea. In his reply brief, defendant contends that although he was evaluated to determine his fitness and the psychological evaluation was in the court file, the court did not conduct a fitness hearing and did not enter any finding regarding fitness. We agree with defendant that the court should have conducted a fitness hearing, but disagree that this failure requires a new trial. We note that defendant failed to cite and discuss the implications of the supreme court's recent ruling in *Burgess*.

In *People v. Burgess*, 176 Ill. 2d 289, 680 N.E.2d 357 (1997), the Illinois Supreme Court departed from its previous practice of automatic reversal in cases where psychotropically medicated defendants were not given fitness hearings under the original statute. Acknowledging the precedent set by *Brandon, Gevas, Kinkead, Birdsall*, and *Nitz*, the *Burgess* court nonetheless found sufficient reason to depart from these earlier cases and make a case-specific inquiry into the psychotropic drugs administered to defendant Burgess. The court recognized the difficulty in determining the degree of mental functioning enjoyed by the defendant long after the conclusion of the underlying proceedings, but found the trial court's retrospective determination of fitness to be proper. Based on the evidence presented at the remand hearing, the *Burgess* court noted that it should not be automatically assumed that every psychotropic drug will inevitably render the person taking it unfit for trial or sentencing and concluded that retrospective hearings are sometimes proper. *Burgess*, 176 Ill. 2d 289, 680 N.E.2d 357.

We are persuaded by *Burgess* that automatic reversal is not always the appropriate remedy and that sometimes defendant's fitness can be determined in a limited remand.[1] Here, the facts are particularly suitable for a case-specific fitness hearing. There was no dispute that defendant was taking psychotropic drugs before and at the plea and sentencing. Upon defense counsel's request, the court ordered a psychological evaluation to determine whether defendant (1) was able to understand the nature and purpose of the proceedings

---

[1] The supreme court has recently reaffirmed this principle in *People v. Johns*, 173 Ill. 2d 535, 683 N.E.2d 892 (1997), which directed the appellate court to reconsider its holding in light of *Burgess*. On remand, the appellate court instructed the trial court to determine whether a meaningful retrospective fitness hearing was possible, to conduct such a hearing, and to enter a finding of fitness if it was supported by the evidence. *People v. Johns*, 285 Ill. App. 3d 849 (1997).

against him and to assist in his own defense, and (2) was able to appreciate the criminality of his conduct at the time of the offense. The psychologist answered these questions in the affirmative and noted specifically the positive effects of defendant's use of psychotropic drugs in controlling his aggressive, impulsive behavior and depression.

Furthermore, although a specific finding of fitness was not entered, the court noted that defendant's therapeutic medications helped him function normally and that his behavior was affected when he stopped taking his medication. Defendant, himself, admitted that his outbursts at a pretrial hearing on December 21, 1995, were the result of his failure to take his medications that day. At the sentencing hearing in February 1996, the court made specific reference to defendant's previous disruptive behavior in court but found that defendant behaved appropriately and in an exemplary manner under medication. Defense counsel also highlighted the positive effects of defendant's medication when he elicited testimony from defendant at the sentencing hearing that the medication permitted defendant to "get along okay" with defense counsel and to assist in his defense. While the positive therapeutic effect of defendant's medication does not conclusively determine defendant's fitness, it is a factor to be considered.

## CONCLUSION

For the reasons stated above, we remand for a limited fitness hearing to determine defendant's fitness to stand trial. If the trial court determines that defendant's medication compromised his ability to plead and be sentenced, it can vacate his plea and allow him to plead anew. If the trial court determines that defendant's mental functioning was not affected or impaired as a result of his ingestion of psychotropic medication, the court is directed to enter a retrospective fitness finding and defendant's convictions and sentences will stand.

Remanded with directions.

HOMER and McCUSKEY, JJ., concur.