*In re* A.Y., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. A.Y., Respondent-Appellant).

Third District   No. 3—98—0544

Opinion filed July 11, 2000.—Modified on denial of rehearing August 8, 2000.

1024

Appeal from the Circuit Court of Peoria County; the Hon. Michael Brandt, Judge, presiding.

Carrie B. Marche, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

The respondent, 15-year-old A.Y., was adjudicated delinquent on July 25, 1996, after the court found that he had committed a burglary. 720 ILCS 5/19—1 (West 1996). He was placed on probation for 12 months. The State filed a petition to revoke probation based upon the respondent's alleged commission of another burglary. Following a hearing on the petition, the court found the violation, placed the respondent on three years' probation, and ordered him to complete the Salem Children's Home program. When the respondent ran away from the Salem Children's Home, the State again filed a petition to revoke his probation. After a hearing, the court placed the respondent in the Youth Farm program as a condition of his probation. Again, the respondent ran away and the court after revoking his probation committed the respondent to the Department of Corrections (DOC) for a period of time not to exceed his twenty-first birthday. During these last revocation proceedings, the respondent informed the court that he was taking antidepressant medication. The court did not hold a fitness hearing.

On appeal, the respondent argues that Public Act 89—689 (Pub. Act 89—689, eff. December 31, 1996), which modified the requirements governing a fitness hearing based on an accused's use of psychotropic medication, violates the single subject rule. Therefore, he claims, the probation revocation proceedings resulting in his commit-

ment to the DOC should be vacated and this cause should be remanded for a fitness hearing. For the following reasons, we affirm.

Since Public Act 89—689 is unconstitutional, respondent argues, we must apply the law in effect prior to its passage. That law was set forth in Public Act 89—428 (Pub. Act 89—428, eff. December 13, 1995). However, since our supreme court struck down Public Act 89—428 as unconstitutional in *Johnson v. Edgar*, 176 Ill. 2d 499, 680 N.E.2d 1372 (1997), the respondent contends that the law in effect prior to that act should be applied in his case. That law entitled a defendant to a fitness hearing solely because he was taking psychotropic medication at the time he went to trial, pled guilty, or was sentenced. Public Act 81—1217 (Pub. Act 81—1217, eff. December 28, 1979).

In response, the State argues that the respondent does not have standing to challenge the constitutionality of Public Act 89—689 because the statute: (1) does not apply to probation revocation hearings; and (2) was not in effect during the critical stages of the respondent's proceedings. In the alternative, the State contends that Public Act 89—689 does not violate the single subject rule.

We shall first address the State's standing argument. The State concedes that a minor is entitled to a fitness hearing if the necessary criteria are met. See *In re E.V.*, 190 Ill. App. 3d 1079, 547 N.E.2d 521 (1989); 705 ILCS 405/5—14(1) (West 1996). However, the State contends that the respondent does not have standing to contest the fitness statute in this case because that law only applies at the time of trial, guilty plea, or sentencing, and not at the time of probation revocation proceedings. To support its contention, it cites *People v. Kilpatrick*, 293 Ill. App. 3d 446, 688 N.E.2d 1202 (1997). The State also cites the title of the article containing the fitness provisions, which is "Fitness for trial, to plead, or to be sentenced" (725 ILCS 5/104—10 *et seq.* (West 1998)).

We disagree with the State's contentions. First, *Kilpatrick* did not address probation revocation hearings. While this court in that case did state, in *dicta*, that the critical stages entitling a defendant to a fitness hearing are trial, sentencing, and the entry of a guilty plea, such language was not intended to render the fitness statute inapplicable to probation revocation proceedings. See *Kilpatrick*, 293 Ill. App. 3d at 449, 688 N.E.2d at 1204-05. Likewise, we do not construe the similar language used in the article's title and in the text of the statute in the manner suggested by the State. See 725 ILCS 5/104—10 *et seq.* (West 1998). In a revocation proceeding, the court may resentence the offender to any sentence which was appropriate for the original offense. *People v. Schwartz*, 182 Ill. App. 3d 515, 538 N.E.2d 203 (1989); 730 ILCS 5/5—6—4(h) (West 1998). Therefore, as in the case of a trial,

guilty plea, or a sentencing hearing, probation revocation proceedings constitute a critical stage during which it is vital that a defendant be able to assist in his defense. See *People v. Moore*, 189 Ill. 2d 521 (2000) (a defendant is unfit if he, because of a mental or physical condition, is unable to assist in his defense). For these reasons, we hold that the fitness statute applies to probation revocation proceedings.

Next, the State argues that the respondent does not have standing to challenge the constitutionality of Public Act 89—692 because he was originally found delinquent and placed on probation in July 1996 and Public Act 89—689 did not become effective until December 1996. See Pub. Act 89—689, eff. December 31, 1996; *People v. Jamerson*, 292 Ill. App. 3d 944, 687 N.E.2d 329 (1997) (the fitness statute involves a substantive right and may not be retroactively applied). We also reject this argument. The record reflects that the respondent admitted to the petition to revoke his probation resulting in his commitment to the DOC on March 16, 1998. The issue before us today, then, is whether the respondent was entitled to a fitness hearing based upon his ingestion of psychotropic medication at the time of that proceeding. At that time, Public Act 89—689 had been in effect for well over a year. Pub. Act 89—689, eff. December 31, 1996. Accordingly, the respondent has standing to raise the issue of the constitutionality of Public Act 89—689. Pub. Act 89—689, eff. December 31, 1996.

We now turn to the issue of the constitutionality of Public Act 89—689. The Appellate Court, Fourth District, recently addressed this issue in *People v. Dixon*, 308 Ill. App. 3d 1008, 721 N.E.2d 1172 (1999). In *Dixon*, the court held that Public Act 89—689 does not violate the single subject rule and is therefore constitutional. *Dixon*, 308 Ill. App. 3d 1008, 721 N.E.2d 1172. We agree with the reasoning in *Dixon* and adopt its ruling. Under Public Act 89—689, a defendant who is receiving psychotropic drugs is not presumed to be unfit solely by virtue of the receipt of those drugs. Pub. Act 89—689, eff. December 31, 1996. The respondent has made no additional showing that he was unfit at the time of his revocation proceedings. Accordingly, we affirm the trial court's revocation of the respondent's probation and his commitment to the DOC.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

KOEHLER and LYTTON, JJ., concur.