THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID CACKLER, Defendant-Appellant.

First District (3rd Division)   No. 1—98—2769

Opinion filed November 8, 2000.

Michael J. Pelletier and Patricia Unsinn, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Kenneth

T. McCurry, and Jon J. Walters, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CERDA delivered the opinion of the court:

Defendant appeals from his convictions for first-degree murder and armed robbery after a bench trial in the circuit court of Cook County. Defendant argues that (1) his guilt of armed robbery was not proven because there was no concurrence between his use of force and his taking of the victim's property some time after the murder; (2) Public Act 89—689 (Pub. Act 89—689, eff. December 31, 1996) violated the single-subject rule of the Illinois Constitution; and (3) he was improperly sentenced to consecutive sentences. We reverse the armed-robbery conviction and remand for resentencing.

## FACTS

In conversations with the police and with a jail inmate, defendant confessed to the murder of 14-year-old Joel Trinidad after defendant and the victim performed a sexual act together. Defendant claimed that he had paid the victim money on three prior occasions to perform a sex act. Defendant claimed that, during the sex act, the victim turned around and slapped him in the face. Defendant said he punched the boy in the face and that the victim picked up a hammer. Defendant picked up a crowbar. The victim tried to leave, but defendant hit him on the head twice with the crowbar. The victim lunged at him, and defendant hit him over the front of the head with the crowbar. Defendant strangled him with a tie and then with a rope until the victim stopped breathing.

According to a police detective, defendant further confessed that, after the murder, he sat in the bathtub "for a long while." Defendant then took a shower and went to Jewel, where he purchased trash bags for disposing of the body. Defendant cut off the victim's jewelry and took the victim's newspaper route book and money. He put in the trash bags anything that was bloody, including items that belonged to defendant. Defendant left the body in an alley and threw the trash bags in another location.

Defendant told the inmate that he took the jewelry and money from the victim to make it look like a robbery. Defendant told the assistant State's Attorney that he put the victim's possessions in the trash bags so that police would think someone had mugged the victim and would not think he had done the murder.

Defendant showed the police where the disposed items could be found. There were people rummaging through the area, and it appeared that the items disposed of by defendant had been rummaged through. A $20 bill was found in one trash bag. Nothing from the

victim was found in defendant's car or apartments or on his person. There was no money found on the victim's body or wallet except for some change. Although the victim wore jewelry, including a necklace, a bracelet, a medallion, and rings, the only item of jewelry found on him was a wooden cross. No jewelry was found in the trash.

After a bench trial, defendant was found guilty of first-degree murder and armed robbery. Although defendant was eligible for the death penalty, he was sentenced to consecutive sentences of natural life for the murder and 30 years' imprisonment for the armed robbery.

Defendant appealed.

## ANALYSIS

Defendant first argues that his armed-robbery conviction should be reversed because the State failed to prove beyond a reasonable doubt the necessary concurrence between his use of force and the taking of the victim's property.

■ The gist of armed robbery is the taking of another's property by force or threat of force. *People v. Lewis*, 165 Ill. 2d 305, 338, 651 N.E.2d 72 (1995). The offense is complete when one uses force or the threat of force to cause the victim to part with possession of the property against his will. *People v. Blake*, 144 Ill. 2d 314, 322, 579 N.E.2d 861 (1991).

The use of force or threat of force need not transpire before or during the time the property is taken; rather, the force may be used as part of a series of events constituting a single incident. *People v. Cooksey*, 309 Ill. App. 3d 839, 849, 723 N.E.2d 784 (1999); see also *People v. Armstrong*, 183 Ill. 2d 130, 148, 700 N.E.2d 960 (1998) (there was a concurrence between defendant beating victim to death and then going to her apartment and taking her television set).

As long as there is some concurrence between the threat of force and the taking of the property, a conviction for armed robbery can stand. *Lewis*, 165 Ill. 2d at 339. In *Lewis*, the murderer's taking of the key from the body after the murder in order to let himself out of the apartment was held to be essentially a single series of continuous acts committed by defendant. *Lewis*, 165 Ill. 2d at 340.

Our standard of review is, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267 (1985).

■ We conclude that there was a sufficient time interval between the murder and the taking of the victim's property that the acts were not a series of events constituting a single incident. Defendant did not

remove the property from the victim until after he bathed for a long time and returned from a trip to the grocery store. Furthermore, the only evidence of defendant's motivation for taking the property was that he desired to conceal his involvement. There was no evidence that defendant determined before, or close to the time of, the murder that he would remove the victim's property. As there is no evidence that defendant used the force in order to obtain the property, his conviction for armed robbery must be reversed.

In addition, we remand the matter for resentencing because it cannot be determined on this record whether the trial court was influenced by the armed-robbery conviction when it sentenced defendant to natural life imprisonment for the murder. See *People v. Blake*, 287 Ill. App. 3d 487, 492, 687 N.E.2d 761 (1997).

Defendant has filed a supplemental brief in which he argues that, based on a recent United States Supreme Court decision, the life-imprisonment statute and the consecutive-sentencing scheme are unconstitutional. *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). As we have remanded this matter for resentencing, we do not need to address this supplemental issue.

■ Defendant next argues that Public Act 89—689, which amended section 104—21(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/104—21(a) (West 1998)) to provide that a defendant who is receiving psychotropic drugs shall not be presumed to be unfit to stand trial solely by virtue of the receipt of those drugs, violated the single-subject rule of the Illinois Constitution. Defendant further argues that, as the record indicates that he was receiving such medication during his trial, the cause must be remanded for a determination of whether a retrospective fitness hearing can be conducted.

The Illinois Constitution provides that bills shall be confined to one subject. Ill. Const. 1970, art. IV, § 8(d). The matters in an act must have some natural and logical connection to a single subject. *Johnson v. Edgar*, 176 Ill. 2d 499, 515, 680 N.E.2d 1372 (1997).

The constitutionality of a statute is a question of law subject to *de novo* review. *People v. Dixon*, 308 Ill. App. 3d 1008, 1013, 721 N.E.2d 1172 (1999).

In addition to amending the fitness statute, Public Act 89—689 (1) amended the Criminal Code of 1961 (720 ILCS 5/31—6, 31—7 (West 1994)) by expanding the definitions of "escape" and "aiding escape"; (2) amended the Unified Code of Corrections (the Unified Code) (730 ILCS 5/1—1—1 *et seq.* (West 1994 & Supp. 1995)) concerning unclaimed accounts of committed persons; (3) amended the Court of Claims Act (705 ILCS 505/1 through 29 (West 1994 & Supp. 1995)) by providing for a cost-of-living increase for persons who unjustly spent

time in prison; (4) amended factors for imposition of an extended-term sentence and factors in aggravation for sentencing; (5) provided that it is a criminal offense to maliciously harm a guide dog; (6) provided for limited civil immunity for persons who obtain blood or urine for evidentiary purposes under the Illinois Vehicle Code (625 ILCS 5/1—101 *et seq.* (West 1996)) upon the request of a law enforcement officer; (7) made minor changes to the county juvenile impact incarceration program; (8) added another type of authorized disposition for wards of the court under the Juvenile Court Act of 1987 (705 ILCS 405/1—1 *et seq.* (West 1996)); (9) amended the Criminal Identification Act (20 ILCS 2630/0.01 through 10 (West 1994)); (10) provided for competitive bidding of services for the State Appellate Defender; (11) reenacted a statutory provision establishing procedures for the Prisoner Review Board; (12) amended the restitution provisions of the Unified Code; (13) enacted a new provision allowing for the admissibility of prior statements when a witness refuses to testify in criminal proceedings; (14) amended the definition of a hate crime; (15) amended the penalty provision for the offense of solicitation of murder; (16) authorized the Department of Corrections (DOC) to develop a program for tracing inmates in regard to gang affiliation; (17) changed the reporting date for the truth-in-sentencing commission; and (18) required DOC to prohibit the use of curtains on cells. *People v. Majors*, 308 Ill. App. 3d 1021, 1031-32, 721 N.E.2d 753 (1999).

We agree with the weight of the authority from the Third and Fourth Districts that all sections of Public Act 89—689 concern criminal law, public safety, or the administration of criminal justice. *In re A.Y.*, 314 Ill. App. 3d 1023, 1026 (2000); *People v. Thomas*, 313 Ill. App. 3d 998, 1007, 730 N.E.2d 618 (2000); *People v. Startz*, 312 Ill. App. 3d 863, 871, 728 N.E.2d 825 (2000); *People v. Campbell*, 309 Ill. App. 3d 423, 429-30, 721 N.E.2d 1225 (1999); *Majors*, 308 Ill. App. 3d at 1033; *Dixon*, 308 Ill. App. 3d at 1014-16.

The provisions of Public Act 89—689 defined offenses, impacted the determination of penalties, and related to procedures for investigation, prosecution, incarceration, and appeals. *Majors*, 308 Ill. App. 3d at 1033. Even the granting of limited civil immunity for hospital personnel related to the criminal justice system because it is limited to those personnel who obtain blood or urine for evidentiary purposes under the Illinois Vehicle Code upon the request of a law enforcement officer. *Majors*, 308 Ill. App. 3d at 1033.

The judgment of the trial court is affirmed in part, reversed in part, and the cause is remanded.

Affirmed in part and reversed in part; cause remanded.

CAHILL and BURKE, JJ., concur.